IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv170

| | |
|---|---|
| STANLEY JEFFREY PENLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>McDOWELL COUNTY BOARD OF )<br>EDUCATION; GERRI MARTIN; NATALIE )<br>GOUGE; H. RUSSELL NEIGHBORS; and )<br>ROBERT "MITCH" GILLESPIE, )<br>)<br>Defendants. )<br>)<br>_____ ) | **PLAINTIFF'S MOTION TO COMPEL**<br>**(BOE, Neighbors, Gouge)** |

**Now Comes PLAINTIFF**, by and through his undersigned counsel, and moves this Honorable Court for an Order compelling discovery regarding the DEFENDANTs failure both to answer certain interrogatories and to produce documents as requested pursuant to Rules 33 and 34, respectively, of the *Federal Rules of Civil Procedure*. In support of this Motion, Plaintiff states as follows:

1. The Pretrial and Case Management Order (#53) was entered by the Court on May 7, 2015. Although the parties requested a Rule 16 conference to discuss e-discovery issues, the Court elected not to schedule one.

2. Plaintiff initially propounded discovery to all defendants on May 29, 2015. Plaintiff included a "Plaintiff's Initial Proposed Search Term List" to facilitate defendants' search of electronically stored information (ESI). That search term list is attached to this motion as *Exhibit A*.

3. On June 8, 2015, Defendants McDowell County Board of Education ("BOE"), Neighbors and Gouge, after agreeing to Plaintiff's request for an extension of time to respond to same Defendants' discovery, all requested an extension of time to respond to Plaintiff's 1st set of Discovery Requests up to and including July 31, 2015, 2015 – to which request the undersigned consented. No defendant thereafter requested an additional extension of time.

4. Without conferring with Plaintiff's counsel as to the scope of the search term list for e-discovery, Defendants uniformly conducted a substantially narrower search for electronic documents. *See, e.g., Def. BOE's Response to Request #2 of Plaintiff's 1st Set of Discovery for a list of the search terms employed. The Responses of Defendants' BOE, Neighbors and Gouge are attached hereto as **Exhibits B, C**, and **D**, respectively.*

5. Defendants served their written responses to Plaintiff's discovery by mail on July 31st, and by email on August 2nd. Notably, not a single document was produced, or served upon Plaintiff with these responses.[1]

6. Rather, and generally speaking, where Defendants did not object to a request in their written responses, Defendants instead stated they would produce responsive documents at a "mutually agreed upon time and place."

7. Defendants flat out objected to producing any responsive documents to the following requests on vague and unspecified grounds of "relevancy," "confidentiality" or "overbroad and unduly burdensome:" The actual responses are attached hereto as Exhibit B.

> BOE: Requests 6, 12, 16, 17, 20, 21, 23, 30, 32, 33
> Neighbors: Requests 8, 9, 10
> Gouge: Request 7

8. In addition, Defendant BOE substantially – and inappropriately – limited its response to Request 24 (computerized reports generated by a software program, "8e6," relating to "acceptable internet use" by the District's career teachers), and Requests 10 (communications with Defendant Gillespie) and 19 (communications with or relating to students Hollowell and Robinson) only to those reports and documents referencing Plaintiff alone; Plaintiff's requests were not limited in those regards.

9. In response to the Interrogatories Plaintiff separately propounded to defendants BOE, Neighbors and Gouge, Plaintiff received the following objections:

---

[1] None of these Defendants produced any documents with their Rule 26 Initial Disclosures.

a. BOE objects to identifying oral communications among board members relating to Plaintiff and his suitability as a teacher, or identifying other career employees who were proposed for dismissal (Interrogatories 6, 8 and 9, respectively) *Exhibit E*; and

b. Neighbors objects to addressing Andy and Vicki Webb (Interrogatory 4) *Exhibit F*.

10. No documents were actually produced by Defendants until August 17th, seventeen days after the *extended* due date.

11. None of these defendants have produced a privilege log to date, now a full month after its due date, again stating that they will do so at an unspecified later date.

12. Defendants have further stated that more documents are forthcoming but have not specified a date for that production.

13. Defendants BOE, Neighbors and Gouge collectively produced approximately six thousand pages of documents on a compact disc, purporting to produce files in their "native" format along with copies in portable document format. The files themselves are labeled only by their bates stamp number, and are not otherwise produced by individual Defendant or in a manner corresponding to Plaintiff's requests. Defense counsel has suggested that if Plaintiff's counsel first reviews the entire production, and looks at the meta data, defense counsel "suspects" Plaintiff's counsel will understand the organization of the production and the custodians thereof. *Exhibit G*

14. As reflected in the Timeline attached hereto as *Exhibit H*, the undersigned counsel have made repeated efforts to resolve these issues informally with defense counsel pursuant to LCvR 7.1(B), by way of undersigned's letter of August 4th to defense counsel; defense counsel's responsive letter of August 10th; and undersigned's letter to defense counsel of August 17th. And although Plaintiff's counsel attempted to explore further resolution by phone on August 24th, Defense

3

counsel conveyed to Plaintiff that the Defendants were standing by their existing responses and objections and invited Plaintiff's counsel to "tee up" the instant motion, thereby necessitating the same.

WHEREFORE, Plaintiff's request that this Honorable Court enter an Order compelling meaningful responses to his discovery requests, sanction defendants and/or their counsel for their cavalier disregard of their discovery responsibilities and award Plaintiff his costs, including reasonable attorneys' fees, in bringing this Motion to Compel.

Respectfully submitted this 31st day of August 2015.

**LAW OFFICE OF DAVID KULA**

/s David Kula
N.C. Bar No. 42401
Co-counsel for Plaintiff
P.O. Box 6780
Asheville, North Carolina 28816
(828) 505-7105 telephone
(828) 505-7107 facsimile
david@davidkula.com

**MARSHALL, ROTH & GREGORY, PC**

/s Philip J. Roth

PHILIP J. ROTH
N.C. Bar No. 22765
Co-Counsel for Plaintiff
Post Office Box 769
Asheville, North Carolina 28802
(828) 281-2100 telephone
(828) 281-2120 facsimile
proth@mrglawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing Motion to Compel with the Clerk of Court using the CM/ECF system.

This 31st day of August 2015.

s/ Philip J. Roth
Philip J. Roth
