# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14CV170

| | |
|---|---|
| STANLEY JEFFREY PENLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v ) | |
| ) | |
| McDOWELL COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Compel [# 58]. Plaintiff moves to compel Defendants to fully respond to his Request for Production of Documents. On October 23, 2015, the Court held a hearing on the motion and orally granted in part and denied in part the motion. In addition, the Court took under advisement the issue of the manner in which Defendants produced the documents and the issue of an award of costs related to the Motion to Compel. The Court now enters this written Order to memorialize the Court's prior oral order and to address the two remaining issues. The Court **GRANTS in part** and **DENIES in part** the Motion to Compel [# 58].

## I. Background

Plaintiff alleges that beginning in the fall of 2004, he worked as a political consultant representing Democratic candidates for elective office in McDowell County, North Carolina elections.(#23,¶9) Plaintiff acted as a political consultant over the next several years, representing Democrat candidates running for elected office for the North Carolina House of Representatives.(#23,¶11) Defendant Gillespie was the Republican candidate in each of these elections. Plaintiff contends that Defendant Gillespie was angry about Plaintiff's political activities and threatened to get Plaintiff.(#23,¶12-23)

Beginning in 2006, Plaintiff was also employed full time as a school teacher with the McDowell County Schools.(#23,¶8) Plaintiff achieved career teacher status effective during the 2010-2011 school year.(#23,¶8) Plaintiff contends that various employees of the McDowell County Schools told him that Defendant Gillespie was attempting to have the Plaintiff terminated from his teaching position in retaliation for the Plaintiff's political activities.(#23,¶12-23) The Plaintiff further alleges that Defendant Neighbors, as chairman and a member of the McDowell County Board of Education, conspired with Defendant Gillespie to hire Defendant Martin as the Superintendent of McDowell County Schools in order for Defendant Martin to terminate Plaintiff's employment.(#23,¶24-34) Plaintiff also alleges that Defendant Martin did in fact take actions to terminate Plaintiff, but that Defendant Martin's

2

recommendation of dismissal and termination of Plaintiff was rejected by a hearing officer.(#23,¶42-53)

Plaintiff then brought this action against Defendants. Plaintiff asserts a number claims against Defendants, including claims pursuant to 42 U.S.C. § 1983 based on alleged violations of Plaintiff's rights as protected by the First Amendment to the United States Constitution, that the individual Defendants entered into a civil conspiracy to retaliate against the Plaintiff for exercising his First Amendment rights, that Defendants violated Plaintiff's rights as guaranteed by the North Carolina Constitutional, that Defendants Martin, Neighbors and Gillespie intentionally inflicted emotional distress upon Plaintiff, that Defendant Gillespie tortuously interfered with Plaintiff's contract of employment with the McDowell County Board of Education, and that Defendant Martin maliciously prosecuted a dismissal action against Plaintiff.(#23)

After the Court entered a Pretrial Order and Case Management Plan, Plaintiff served its First Request for Production of Documents on Defendants. Plaintiff now moves to compel Defendants to respond to various requests for production of documents. Plaintiff also contends that Defendant McDowell County Board of Education did not file a privilege log as required by the Federal Rules of Civil Procedure. Finally, Plaintiff contends that the manner in which Defendants have

produced documents violates the Federal Rules of Civil Procedure.

## II. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit…have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

## III. Analysis

### A. Privilege Log

Rule 26 provides that when a party withholds discoverable information on the ground that the information is privileged, the party must: (1) expressly assert the

claim; and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed---and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Typically, this description takes the form of a privilege log. See Mezu v. Morgan State Univ., 269 F.R.D. 565, 577 (D. Md. 2010); Smith v. Café Asia, 256 F.D.R. 247, 250 (D.D.C. 2009). "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." Travelers Indemnity Co. v. Allied Tube & Conduit, Corp. No. 1:08cv548, 2010 WL 272579, at *1 (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); Mezu, 269 F.R.D. at 577 ("a privilege log…must accompany a written response to a Rule 34 document production request, and a failure to so may constitute a forfeiture of any claims of privilege."); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.")

Plaintiff contends that Defendant McDowell County Board of Education failed to provide a privilege log, as required by the Federal Rules. At the hearing, counsel for Defendant McDowell County Board of Education stated that a privilege log was provided to the Plaintiff the day before the hearing. Although the better practice in this case might have been to produce a privilege log with each round of

documents produced, rather than wait until the very end and produce a single, comprehensive privilege log, no order compelling the production of a privilege log is necessary. Defendant McDowell County Board of Education has now produced the privilege log, and there is no issue as to the sufficiency of the log before the Court. Accordingly, the Court **DENIES as moot** the Motion to Compel to the extent it seeks an order compelling the production of a privilege log.

### B. The Request for Production of Documents served upon The McDowell County Board of Education

Plaintiff moves to compel the responses to Request for Production of Documents 6, 12, 16, 17, 20, 21, 23, 24, 30, 32 and 33. At the hearing, this Court addressed each of these requests and their responses and orally ruled on the motion. The Court now enters this Order to perfect the record.

1. Request for Production of Documents No. 6

The Court finds the documents requested in Request No. 6 could contain information relevant to the allegations contained in the Plaintiff's Amended Complaint. As a result, the Court sustains the objection of the McDowell County Board of Education, in part, and overrules the objection, in part. The Court orders Defendant McDowell County Board of Education to fully answer Interrogatory No. 9, subject to the conditions of the July 13, 2015, Protective Order. The answer shall be limited to the time period from June 1, 2010, to October 23, 2015.

Defendant McDowell County Board of Education shall also produce the documents as requested in Request No. 6. Specifically, Defendant McDowell County Board of Education shall produce the personnel files of the persons identified in the answer to Interrogatory No. 9. However, no medical records of any person shall be produced, and the documents shall be subject to the July 13, 2015, Protective Order entered by this Court. This Order will be considered a Court Order pursuant to North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-321; see also Cole v. Charlotte Mecklenburg Sch. Dist., Civil Action No. 3:13-cv-57-DCK, 2013 WL 6056587 (W.D.N.C. Nov. 15, 2013) (Keesler, Mag. J.).

2. Request for Production of Documents No. 10:

At the hearing, Plaintiff withdrew its Motion to Compel in regard to Request No. 10.

3. Request for Production of Documents No. 12:

The Court finds that although the documents sought in Request No. 12 may be relevant, they are the records and documents that concern third parties and require a court order prior to their disclosure. The Court sustains the objection in part, and overrules the objection in part. The Defendant McDowell County Board of Education shall produce the documents as to any disciplinary action taken against any career employee by the McDowell County Board of Education for the period

from June 1, 2010, to October 23, 2015. The McDowell County Board of Education, however, need not produce any documents referencing any <u>investigation</u> of any career teacher.

The production of these documents shall be pursuant to the July 13, 2015, Protective Order. This Order will be considered a Court Order pursuant to North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-321.

  4. <u>Request for Production of Documents No. 16</u>:

The undersigned finds that the information requested in this request may contain information relevant to the claims in the Amended Complaint, but that the documents require a court order pursuant to North Carolina law prior to their disclosure. The Court also finds that any medical records that may be located in the file of Defendant Martin are not relevant in this matter, and Defendant McDowell County Board of Education need not disclose any such medical records. Accordingly, the Court sustains in part and overrules in part the objection to Request No. 16.

The McDowell County Board of Education shall produce any and all communications between members of the McDowell County Board of Education concerning the recruitment and hiring of Defendant Martin as Superintendent, including any email communications concerning the recruitment and hiring of Ms.

Martin up to the date of her hiring. The McDowell County Board of Education shall not disclose or produce any medical records of Defendant Martin. This Order will be considered a Court Order pursuant to North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-321.

5. <u>Request for Production of Documents No. 17</u>:

The Court finds that Request No. 17 seeks relevant information. Andy Webb applied for employment as a school custodian with the McDowell County Board of Education. Plaintiff contends that Mr. Webb was not hired due to political concerns. Information related to the decision not to hire Mr. Webb is relevant to the claims asserted in the Amended Complaint. As a result, the Court sustains the objection of the Defendant McDowell County Board of Education in part and overrules the objection in part. The McDowell County Board of Education shall produce all documents, including emails or electronic communications of any of the McDowell County school board members concerning the decision about whether or not to hire Andy Webb to a custodian position at any McDowell County school during the fall semester of 2012. As a part of this production, the school board will be ordered to produce all school board minutes or recordings for any meeting at which the application for employment of Mr. Webb was discussed.

6. <u>Request for Production of Documents No. 19</u>:

After considering the arguments of the parties, the Court sustains the objection of Defendant McDowell County Board of Education as to Request No. 19. The Court finds that Defendant McDowell County Board of Education's response to Request No. 19 was reasonable.

7. Request for Production of Documents No. 20:

This request seeks information related to the characterization of a former student. This student made a complaint regarding statements or the conduct of Plaintiff, which led to the action of Defendant Martin in seeking termination of Plaintiff. The Court finds that this request seeks information relevant to the claims in this dispute and directs McDowell County Board of Education to produce any paper writing, other than a medical record, concerning any characterization by an employee or member of the McDowell County Board of Education that referred to this student as "medically fragile." Defendant McDowell County Board of Education, however, shall not produce any such reference if it is part of a medical record or statement by any physician, psychiatrist or psychologist that treated the student. Plaintiff has other methods of discovery, including a subpoena under Rule 45 of the Federal Rules of Civil Procedure, to obtain the medical records of this student while also allowing this student an opportunity to be heard about the disclosure of her medical records.

8. <u>Request for Production of Documents No. 21</u>:

Request No. 21 seeks information related to a racial slur allegedly uttered by a former employee of the McDowell County Board of Education in 2013. The Court finds that this information is potentially relevant to the allegations contained in the Amended Complaint and overrules the objection of McDowell County Board of Education. The Court Orders McDowell County Board of Education to produce the documents requested. The documents produced shall be subject to the previously entered Protective Order. This Order will be considered a Court Order pursuant to North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-321.

9. <u>Request for Production of Documents No. 23</u>:

Plaintiff seeks all documents listing the career employees of the McDowell County Board of Education and McDowell County Schools by their user ids. The Court finds that the information sought is not relevant to any claim asserted in the Amended Complaint or any defense in this case. The Court sustains the objection of Defendant McDowell County Board of Education.

10. <u>Request for Production of Documents No. 24</u>:

At the hearing, Plaintiff withdrew its Motion to Compel in regard to Request No. 24.

11. <u>Request for Production of Documents No. 30</u>:

Plaintiff seeks all documents related to the deliberations and decisions as to the staffing of teachers in the Social Studies Department during the 2013-14 and 2014-15 school years for the McDowell County Board of Education and McDowell County Schools. The Court finds that due to the allegations contained in the Amended Complaint concerning Plaintiff's position of employment when he was restored to his teaching position, the requested documents are relevant. Defendant McDowell County Board of Education has not come forward with any relevant legal authority that would prohibit the disclosure of this information. The Court overrules the objection of Defendant McDowell County Board of Education and orders Defendant Dowell County Board of Education to produce the responsive documents.

12. Request for Production of Documents No. 32:

At the hearing, Plaintiff withdrew its Motion to Compel in regard to Request No. 32.

13. Request for Production of Documents No. 33:

This request seeks documents related to whether AP Government teachers were certified by the North Carolina education authorities or the College Board. Defendant McDowell County Board of Education contends that a certification was not required to teach AP Government in the McDowell County school system. Plaintiff contends otherwise. The Court directs Defendant McDowell County Board

of Education to produce any responsive documents, if such documents exist. The Court finds that such documents, if they exist, are relevant to Plaintiff's contention that he was not restored to his former teaching position and could be relevant to the issue of damages in this matter. The Court overrules the objection of Defendant McDowell County Board of Education to this request.

**C. Plaintiff's First Request for Production of Documents as to Defendant Neighbors**

Plaintiff moves to compel the responses to Request for Production of Documents 8, 9 and 10. At the hearing, this Court addressed each of these requests and their responses and orally ruled on the motion. The Court now enters this Order to perfect the record.

1. <u>Request for Production of Documents No. 8:</u>

This request seeks documents related to any disciplinary action taken against Vicki Webb. The Court finds that the request seeks information that could lead to the discovery of admissible evidence and would be relevant to the allegations in the Amended Complaint. The Court overrules the objections of Defendant Neighbors and directs Defendant Neighbors to produce the responsive documents. To the extent this request seeks information protected by North Carolina law, this Order will be considered a Court Order pursuant to North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-

321.

2. Request for Production of Documents No. 9:

Request No. 9 seeks information related to the decision not to hire Andy Webb. The Court sustains in part and overrules in part the objection to this request. The Court directs Defendant Neighbors to produce any emails between himself and any other member of the McDowell County Board of Education concerning the hiring or failure to hire Mr. Webb for a custodial position with the McDowell County Board of Education or the McDowell County Schools.

3. Request for Production of Documents No. 10:

Plaintiff seeks documents related to discussions concerning Andy Webb's role as County Commissioner and his candidacy for the North Carolina State Senate. The Court finds that the requested documents may be relevant to the allegations contained in the Amended Complaint and could lead to the discovery of admissible evidence. The Court overrules the objection and directs Defendant Neighbors to respond fully and completely to Request No. 10, including the production of any emails from Defendant Neighbors's personal computer or any computer he had as a school board member with the McDowell County Board of Education or any other documents that would respond to Request No. 10.

**D. Plaintiff's First Request for Production of Documents as to Defendant Gouge**

Request No. 7 seeks documents related to any student complaints during the Spring semester of 2013 related to a racial slur allegedly made by Rodney Wheeler, a current or former employee of the McDowell County Board of Education. The Court finds that the request seeks the disclosure of documents that are relevant to the claims in the Amended Complaint and could possibly lead to the discovery of admissible evidence. Accordingly, the Court overrules the objection of Defendant Gouge. Defendant Gouge, in her administrative capacity as an employee of the McDowell County Board of Education, shall produce all documents responsive to this request for production of documents. The production of these documents is subject to the previously entered Protective Order. This Order will be considered a Court Order pursuant North Carolina law directing the production of these documents. N.C. Gen. Stat. § 115C-319; N.C. Gen. Stat. § 115C-321.

### E. Search Terms

Plaintiff contends that the Defendant McDowell County Board of Education did not provide the electronically stored information as requested in the Plaintiff's Request for Production of Documents because it failed to use the search terms suggested by Plaintiff. Defendant McDowell County Board of Education acknowledged at the hearing that it did not use Plaintiff's suggested search terms but contends that the terms it did use were sufficient. At the hearing, Plaintiff also advised the Court that he would be satisfied if Defendant McDowell County Board

of Education conducted another search of their records using the following words and time frames: (1) Jolene - Hollowell within three words for the period from April 1, 2013, to June 30, 2014; (2) Gabe - Robinson within three words for the period from April 1, 2013, to June 30, 2014; (3) Vicki - Webb within three words for the period January 1, 2010, to June 1, 2014; (4) Andy – Webb within three words for the period January 1, 2010, to June 1, 2014, and (5) the word "Nigger" for the period January 1, 2010, to October 23, 2015.

The Court finds that these search terms are reasonable and may lead to the discovery of relevant information related to the claims in this matter. The Court directs Defendant McDowell County Board of Education to perform another search of their electronic records using the words and time frames listed above, as directed during the Court's hearing on the Motion to Compel.

**F. The Manner of the Production**

The Federal Rules of Civil Procedure address the manner in which a responding party must produce electronically stored information. Fed. R. Civ. P. 34(b)(2)(E). Where a party produces electronically stored information, the party "must produce the documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . . ." Id. Plaintiff contends that Defendant McDowell County Board of Education failed to

comply with its requirements under the Federal Rules and produced the electronically stored information in a "document dump." Plaintiff seeks an order from this Court directing Defendant McDowell County Board of Education to organize or label the responsive documents. In response Defendant McDowell County Board of Education contends that it produced the documents in the manner in which they are kept in the usual course of business.

After reviewing the record, and after having the benefit of oral argument at the hearing, the Court finds that Defendant McDowell County Board of Education did not engage in an impermissible "document dump" and is not obligated to organize the documents at issue. Defendant McDowell County Board of Education produced the Declaration of Caitlin M. Poe, an attorney at Brooks, Pierce, McLendon, Humphrey & Leonard, LLP who has handled the document production in this matter. Ms. Poe states that the document production "was organized as the documents were stored in the ordinary course of business, which is chronologically by custodian." (Poe Aff. ¶ 21.) Based on the statements in the affidavit submitted by Ms. Poe, as well as her statements at the hearing, the Court finds that the evidence before the Court demonstrates that Defendant McDowell County Board of Education met its obligation pursuant to Rule 34 and produced the documents in the manner in which they are kept in the usual course of business. Accordingly, the Court **DENIES** the Motion to Dismiss as to the manner in which Defendant McDowell County

Board of Education produced the responsive electronically stored information.

**G. Award of Costs and Fees**

Rule 37 of the Federal Rules of Civil Procedure provides for an award of reasonable expenses, including attorney's fees in filing a motion to compel where the Court grants the motion or where discovery is provided after the filing of the motion. Fed. R. Civ. P. 37(a)(5)(A). Where the Court grants in part and denies in part the motion, the Court may apportion the reasonable expenses for the motion between the parties. Fed. R. Civ. P. 37(a)(5)(C).

Here, the Court granted in part and denied in part the motion. Although the Court overruled many of the objections to Plaintiff's discovery requests, the Court also sustained many of the objections and narrowed the requests. In addition, Plaintiff withdrew some of the requests, which the Court would have found to be overbroad. The Court finds that the parties bare equal responsibility in this discovery dispute. Many of the request were overly broad and some of the requests referred to the incorrect interrogatory. Similarly, Defendant should have produced a privilege log sooner and should have responded to some of the requests without the need for a court order. However, because the Court finds that the parties are equally to blame for this discovery dispute, the Court will not award expenses to either party. An award of fees in this case is not warranted.

**IV. Conclusion**

The Court **GRANTS in part** and **DENIES in part** the Motion to Compel [# 58] consistent with the Court's prior oral ruling and this Order. To the extent that Defendants have not already done so, the Court **DIRECTS** the Defendants to produce the relevant documents within fourteen (14) days of the entry of this Order. In addition, the Court **DIRECTS** Defendants to fully answer any interrogatories consistent with this Order within fourteen (14) days of the entry of this Order.

The Court **DIRECTS** the parties that this Order directing the production of any employment record of an employee of the McDowell County Board of Education is to be considered as an Order directing the production of those records pursuant to N.C.G.S. § 115C-319, N.C.G.S. § 115C-320, and N.C.G.S. § 115C-321.

Signed: November 30, 2015

_____

Dennis L. Howell
United States Magistrate Judge