UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00170-MOC-DLH

| | | |
|---|---|---|
| **STANLEY JEFFREY PENLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MCDOWELL COUNTY BOARD OF** | ) | |
| **EDUCATION** | ) | |
| **ROBERT GILLESPIE** | ) | |
| **GERRI MARTIN** | ) | |
| **H. RUSSELL NEIGHBORS** | ) | |
| **NATALIE GOUGE,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a non-dispositive Order (#71) issued by Honorable Dennis L. Howell, United States Magistrate Judge, in this matter. Plaintiff has filed Objections (#73) to such Order and defendants have filed a timely Response (#74) to such Objections.

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp.,

206 F.R.D. 78, 86 (S.D.N.Y.2002). The court has carefully reviewed the Order as well as the Objections, and has determined that the Order of the magistrate judge is fully consistent with and supported by current law and is in no matter clearly erroneous. Based on such determination, the court will overrule the Objections and fully affirm the Order.

Counsel for plaintiff are reminded of this court's expectations of collegiality between counsel and civility with the court, and that there simply is no need to personally attack a respected, hard-working judge of this court by describing his decision as "flat out, clearly, and ineluctably wrong!" Objections (#73) at 2 (exclamation point[1] in the original). Equally, plaintiff's counsel aids their client's cause little by stating that the magistrate judge acted "inexplicably," id. at 14, especially where that judge actually explained his decision in a 19-page opinion. Not only are such statements beneath the abilities of plaintiff's counsel, they are incorrect as review of the transcript and the Order disclose that Judge Howell *carefull*y considered the arguments of the parties, gave the parties *hours* of court time to explain their positions, and then *fully* explained his reasoning in a well-written 19-page opinion that is fully consistent with law.

While civility is a trait that is difficult to acquire and seldom imposed, plaintiff's counsel should reflect on what they have placed on the public record and what steps they can take to make amends.

---

[1] In reading the objections, the court noted that counsel for plaintiff employed exclamation points 12 times in their brief.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Objections (#73) are **OVERRULED,** and the Order (#71) is **AFFIRMED.**

Signed: January 6, 2016

Max O. Cogburn Jr
United States District Judge